NEW-YORK,
Nov. 1807.

Murray and
others
v.
Fitzsimmons
and others.

Murray and others *against* Fitzsimmons, Ashley, Crammond, and the President, &c. of the Bank of North America.

*In partition.*
The petition of the plaintiffs, after setting forth their rights, stated, that F, one of the defendants, was seized in fee of a moiety, subject to two mortgages, to A and C, and to P, the other defendants. F and P pleaded in bar, that before the presenting of the petition of the plaintiffs, A

[* 483]

and C assigned their mortgage to P. A and C pleaded *non tenent insimul* ; the plaintiff replied, confessing all the facts in the pleas, and praying judgment of partition ; and

HOPKINS, for the plaintiff, moved for judgment, *quod partitio fiat* in this cause, upon the pleadings which, in substance, were as follows :

The *petition* (after stating the rights of the plaintiffs, which were not contested,) set forth, that the defendant, *Fitzsimmons*, was seised in fee, of an undivided moiety of the premises, subject to two mortgages in fee, granted by him, the first of which was to the defendants, *Ashley* and *Crammond*, and the second, to the other defendants, the *President, &c. of the Bank of North America.   Fitzsimons* and the *President, &c. of the Bank of North America*, (after admitting the rights of the plaintiffs, and that *Ashley* and *Crammond had* held such mortgage as the petition of the plaintiffs alleged,) pleaded, in bar, that before the exhibition of the petition, [*]the said *Ashley* and *Crammond* had assigned their mortgage to the defendants, the *President, &c. of the Bank of North America*, and concluded, by praying judgment, whether partition ought to be made, &c.   The defendants, *Ashley* and *Crammond*, pleaded *non tenent insimul,* and gave notice under the stat-

ute, of the same matter as was pleaded by other defendants.

The plaintiffs *replied*, confessing all the facts contained in the pleas, and praying judgment, and that partition be made, &c. and that the court would proceed to ascertain the rights of the parties to the premises, &c.

*Munro*, contra, objected, that general demurrers to the replications had been filed, and that the plaintiffs were not entitled to this motion, but should have joined in demurrer, and proceeded to notice the cause for argument.

The court, he observed, could not consider the demurrer as frivolous; and it might be a question of importance, whether the act for the partition of lands comprehended those tenancies in common, which are created by statute; and whether the petition of the plaintiffs should not have shown, whether this was a tenancy in common by the statute, or at common law; that as the demurrer reached to the first fault in the pleadings, that question might be raised for the consideration of the court. He observed, further, that the replication was improper, and not authorized by the act, nor such as the court could give judgment upon ; and that the plaintiffs ought to have demurred to the pleas of the defendants.

It was admitted that the demurrers were not filed until after notice had been given of the present motion.

*Hopkins*, in reply, said that if a *demurrer* to the pleas were proper, yet, as the replication confessed all the facts stated in the pleas, and asked the judgment of the court, it was, in effect, the same as a demurrer ; that if enough appears upon the record, to show the plaintiffs entitled to partition, the court ought to give judgment accordingly; though this particular mode of pleading was not mentioned in the act; and that as to the nature of the tenancy in common, it was a rule, that where an estate is alleg-

<div style="margin">
NEW-YORK,
Nov. 1807

Murray and others
v.
Fitzsimmons and others.

then gave notice of a motion for judgment on the pleadings. The defendants afterwards put in *general demurrers* to the replication : but the court, upon the pleadings, gave judgment as prayed for by the plaintiffs.
</div>

ed in general terms, it shall be intended to be an estate at common law.

*Per Curiam.* The plaintiffs may take judgment as to *Ashley* and *Crammond*, that they go without day, and recover their costs; and as to the other defendants, that the rights of them and the other parties be ascertained and determined, according to the pleadings; that partition be made accordingly, and that commissioners be appointed, in the manner directed by the act.

Rule granted.